IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2019

**DONTELL SAWYER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Morgan County**
**No. 2018-CR-87     Jeffery Hill Wicks, Judge**

_____

**No. E2019-00187-CCA-R3-HC**

_____

On July 7, 2017, the Petitioner entered a guilty plea, pursuant to <u>Hicks v. State</u>, 945 S.W.2d 706 (Tenn. 1997), to possession with intent to sell a Schedule I controlled substance.  In exchange for his plea, the Petitioner received a 10-year sentence to be served as a multiple offender in the Tennessee Department of Correction.  The judgment of conviction shows that this 10-year sentence is to be served consecutively to one case from 2012 and two cases from 2013.  Handwritten in the pre-trial jail credit section is, "NO J/C."  On October 9, 2018, the Petitioner filed a petition for a writ of habeas corpus, alleging that he did not receive 406 days of pre-trial jail credit.  Based on the Petitioner's failure to comply with the procedural requirements for habeas corpus relief and his failure to state a cognizable claim for relief, the State moved to dismiss the petition, and the habeas corpus court agreed.  In this appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition for writ of habeas corpus.  Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and J. ROSS DYER, JJ., joined.

Dontell Dewayne Sawyer, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Russell Johnson, District Attorney General; and D. Paul DeWitt, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner contends that the trial court failed to award him pre-trial jail credit, making his sentence illegal.  He argues that he presented a colorable claim for relief from

an illegal sentence, and, as such, that this Court should construe his petition as a Rule 36.1 motion to correct an illegal sentence. The State responds that the habeas corpus court properly dismissed the petition when the Petitioner failed to comply with the procedural requirements of the habeas corpus statutes and failed to state a cognizable claim for relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the

petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient."). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

Here, we agree with the State that the habeas court properly dismissed the petition for writ of habeas corpus. First, the petition failed to follow the mandatory procedural requirements. While the Petitioner did attach a copy of the judgment form showing that he received no jail credits, he failed to comply with the other requirements. The Petitioner stated that he received an illegal sentence, but his petition failed to state that he is illegally restrained of liberty or the person by whom and the place where he is restrained. The Petitioner also failed to state that the legality of the restraint has not already been adjudged upon a prior proceeding of the same character. Lastly, the Petitioner failed to state that this is his first application for the writ or provide a copy of a previous application.

Additionally, while we are sympathetic to the Petitioner's pro se status, the petition for writ of habeas corpus does not provide a colorable claim for relief. "[A] claim based on a trial court's failure to award pretrial jail credits is not cognizable in the context of a petition for habeas corpus relief. Rather, the appropriate avenue for relief would be to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36." Anderson v. Washburn, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019), appeal granted, cause remanded (June 27, 2019); see also Cory O'Brien Johnson v. State, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at * 2 (Tenn. Crim. App. Aug. 30, 2016) (citing State v. Brown, 479 S.W.3d 300, 209, 213 (Tenn. 2015); Kenneth Thompson Anderson v. State, No. M2014-01812-CCA-R3-HC, 2016 WL 447749, at *9 (Tenn. Crim. App. Feb. 5, 2016) (applying Brown to conclude that habeas corpus relief is not available in case in which the petitioner claimed denial of proper post-judgment jail credits)). Although the Petitioner requests this court to interpret his appeal pursuant to Rule 36.1, he did not make this request before the habeas corpus court and the record is inadequate for such review. Accordingly, we affirm the habeas corpus court's summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the Petitioner failed to comply with the procedural requirements for writ of habeas corpus and failed to state a colorable claim for relief, we affirm the summary dismissal of the petition for writ of habeas corpus.


`

_____
CAMILLE R. MCMULLEN, JUDGE

- 4 -